# EXHIBIT A

# EXHIBIT “A”

Robert S. Kahn
P.O. Box 2663
Orange, California 92859
(760) 399-6601 (657) 221-0663 facs.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**03/14/2016** at 08:00:00 AM
Clerk of the Superior Court
By Giovanni Galon, Deputy Clerk

Attorney for: Plaintiff, ROBERT S. KAHN,

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF ORANGE - CENTRAL JUSTICE COURT

| | |
|---|---|
| ROBERT S. KAHN,<br><br>Plaintiff,<br><br>vs.<br><br>City of Orange; Orange Police Department; DOES 1 to 20 Inclusive,<br><br>Defendant(s). | 30-2016-00840323-CU-CR-CJC<br>**Case No.** Judge Mary Fingal Schulte<br><br>COMPLAINT FOR DAMAGES FOR:<br>1. VIOLATION OF CIVIL RIGHTS 42 *U.S.C.* §1983;<br>2. VIOLATION OF CIVIL RIGHTS [*Cal Consti. Art* I §1];<br>3. NEGLIGENCE (FAILURE TO PROTECT);<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>5. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br><br>[Unlimited] |

Plaintiff alleges,

1. That Plaintiff, ROBERT S. KAHN, is an individual, and at all times mentioned herein was a resident of Orange County, California, and is an elderly adult male of 79 years of age.

2. That Defendant, City of Orange is a municipality and city located of Orange County, California, operating under the laws of the State of California, with offices at 300 E. Chapman Avenue, Orange, CA 92866.

3. Defendant, Orange Police Department is a law enforcement agency in and for the City of Orange, Orange County, California, operating under the laws of the State of California, with offices located at 1107 N Batavia St, Orange, CA 92867.

///

4. That Plaintiff is informed and believes, and on the basis of that information and belief alleges that at all times mentioned in this Complaint, unidentified parties currently named as a DOES 1 to 20 herein, are/were the agents and employees of other named Defendants, and each other, and in doing the acts and things alleged in this Complaint were acting within the course and scope of that agency and employment. The true names and capacities of defendant(s) DOES 1 to 20, inclusive, are unknown to Plaintiff at this time. Plaintiff sues those defendant(s), and each of them, by such fictitious names pursuant to *Code of Civil Procedure.*

5. Plaintiff is informed and believes, and based on that information and belief alleges that the named Defendant(s) herein, and each of the parties designated as DOES, and each of them, are legally responsible jointly and severally for the events and happenings referred to in this Complaint, and unlawfully caused the damages to Plaintiff as alleged herein.

6. That Plaintiff has fully and/or substantially complied with the claims statute under *Government Code* §§910; 915; 915.2. Plaintiff's Claim for Damages was filed with the City of Orange on September 28, 2015 and thereafter Defendant, City of Orange never responded to Plaintiff as required withing 45 days under the applicable statute. As such, Plaintiff's Claim for Damages was rejected by operation of law. The failure of Defendant, City of Orange to articulate any reason(s) for the denial with particularity as required by *California Government Code* §910.8 serves as a waiver of any defense of Insufficiency of the Claim based on defect or omission pursuant to *California Government Code.*

COMMON FACTS

7. That ROBERT S. KAHN (hereinafter "PLAINTIFF"), is an elderly adult male of 79 years of age, in poor physical condition and a resident of the City of Orange, CA.

8. That commencing on or about February of 2006, PLAINTIFF became acquainted with DAPHNE ISABELLA VASQUEZ aka DAPHNE KAHN aka DAPHNE GILBERT KAHN aka DAPHNE GILBERT (hereinafter "GILBERT"), a 54 year old female who is twenty-five (25) years younger than PLAINTIFF.

9. That as a result of the efforts and actions of GILBERT in seeking to insert herself into PLAINTIFF's life on the mere pretext of a desire to assist in caring for PLAINTIFF, including

assisting PLAINTIFF with his medical, personal and financial matters, GILBERT began spending substantial amounts of time with PLAINTIFF at his residence in Orange CA. Further GILBERT began transporting PLAINTIFF to his various medical appointments and to their jointly owned real property residence in the City of Indio, CA.

10. That as a result of the efforts and actions of GILBERT in seeking to insert herself into PLAINTIFF's life and to provide ongoing care and comfort to PLAINTIFF, GILBERT sought to gain access to all of PLAINTIFF assets and personal information. Towards that end, GILBERT obtained various electronic passwords, safe combinations, access keys and other confidential financial and personal information regarding PLAINTIFF, all without his prior knowledge and consent.

11. That commencing on July 10, 2015 PLAINTIFF determined for the first time that GILBERT had been searching through private financial files and records located at PLAINTIFF's residence and in fact, was removing certain records relating to automotive vehicle ownership, and other financial and estate planning document belonging to PLAINTIFF. That to error on the side of caution, on or about July 12, 2015, PLAINTIFF placed cash of $80,000 and valuables worth an amount in excess of $120,000 in a briefcase which was then concealed in his vehicle's trunk.

12. That on July 13, 2015, PLAINTIFF determined that GILBERT had gained accessed to his vehicle trunk (although the keys to the vehicle had been concealed), and removed the briefcase and its contents while GILBERT was purportedly "...out for a run." That when confronted about the theft of the briefcase and PLAINTIFF's personal belongings, GILBERT denied the theft. PLAINTIFF demanded the immediate return of the briefcase and its contents and GILBERT ran out of the residence and left the area.

13. That on July 13, 2015, PLAINTIFF immediately contacted Defendant, Orange Police Department (hereinafter referred to as "OPD"), and a responding Officer, A. Drootin, took a Theft/Incident Report No. 15-07-0491. PLAINTIFF contacted OPD on several other occasions after July 13, 2015, and requested that an Officer respond to PLAINTIFF's residence due to the theft(s) and other wrongful and illegal acts committed by GILBERT over a two week period.

14. That on one occasion in particular, the OPD Officers allowed GILBERT access to PLAINTIFF's Orange residence on a pretext of gathering her personal clothing while PLAINTIFF

Case 8:16-cv-00794 Document 1-1 Filed 04/27/16 Page 5 of 13 Page ID #:7

was away for a short period of time, all without PLAINTIFF's prior consent or knowledge. PLAINTIFF arrived to find GILBERT inside the residence in the process of emptying a large safe whish contained valuable gold, silver and jewelry, all of which has been documented for the OPD. At that time, PLAINTIFF made demand upon the OPD to effect a citizen's arrest upon GILBERT and they refused to do so, merely allowing GILBERT leave the scene (Plaintiff's residence), without any consequence or reasonable investigation and inquiry whatsoever.

15. That a proper investigation was never conducted and the Orange Police Officer(s) off-handedly designated the situation a "civil matter", not caring to investigate or to seek a prosecution of the person liable for stealing $250,000 in personal property from PLAINTIFF, and with most of the property being stolen in a single day in the presence of the OPD Officers. The Officers refused to enter the residence of PLAINTIFF to inspect or view the open and empty safe which had been looted by GILBERT.

16. That two (2) OPD detectives (Det. Cullen and Det. Murphy), assigned to the matter have failed to follow up or to contact PLAINTIFF with any further information or inquiry whatsoever regarding the stolen property. PLAINTIFF was unable to obtain a copy of any OPD Report or other documentation on the matter until early 2016.

17. That at all times mentioned, Defendant, City of Orange (hereinafter referred to as "COO"), was the supervising and/or controlling agency over OPD, and in doing the acts and omissions as allege herein, each are jointly and severally liable for all damages suffered by PLAINTIFF.

18. That as a result of Defendants acts and omissions as described herein above, PLAINTIFF has been and will be damaged in an amount presently unknown, but to be proved at trial and in excess of at least $250,000.00, and the minimal jurisdictional limits of this court.

## FIRST CAUSE OF ACTION
Violation of *Civil Rights* Under 42 *U.S.C.* § 1983

By Plaintiff, ROBERT S. KAHN, as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive

19. Plaintiff hereby incorporates by reference Paragraphs 1 to 18, inclusive of this Complaint as if fully set forth herein.

20. That under 42 *U.S.C.* §1983, every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

21. That commencing on or about July 13, 2015, Officers of the OPD, in his/her/their capacity as an Peace Officers employed by the City of Orange, wilfully and intentionally violated the Federal and State civil rights enjoyed by PLAINTIFF including, but not limited to, the rights and privileges to protect his person and property in that each of them failed and refused to arrest GILBERT irrespective of the facts and circumstances alleged herein above, the violation of *California Penal Code* §484, 484.1 (Larceny/ Providing False Information), and the failure of the OPD Officers to accept custody of a person (GILBERT), when a citizen's arrest was made by PLAINTIFF under authority of the *California Penal Code* or as the case may be.

22. That commencing on or about July 13, 2015, Officers of the OPD, in his/her/their capacity as an Peace Officers employed by the City of Orange, wilfully and intentionally violated the Federal and State civil rights enjoyed by PLAINTIFF including, but not limited to their failure and refused to conduct a proper investigation and in off-handedly designated the situation a "civil matter", not caring to investigate or to seek a prosecution of GILBERT as liable for stealing $250,000 in personal property from PLAINTIFF, any in the failure of the two detectives assigned to the matter to conduct any follow up whatsoever or to contact PLAINTIFF with any further information or inquiry on the matter.

23. That PLAINTIFF is informed and believes, and based upon such information and belief alleges, that OFFICERS of the OPD, and each of them, conspired with, and acted in concert with, one another in engaging in the acts, conduct and/or omissions alleged in this cause of action, and further in covering up the violation of civil rights alleged herein.

24. As a direct and proximate result of the acts and conduct of the OPD, et al. PLAINTIFF's civil rights and privileges were invaded and violated, and for which PLAINTIFF has suffered emotional distress including, but not limited to, shock, mortification, worry, fright, anxiety,

depression, nervousness, apprehension, tension, and sleeplessness, all to his damage in an amount as yet unascertained. PLAINTIFF will seek leave any Complaint to allege the sum of said damaged in an amount presently unknown, but to be proved at trial and in excess of at least $250,000.00, and the minimal jurisdictional limits of this court.

25. PLAINTIFF is informed and believes, and based upon such information and belief alleges, that the acts and conduct of Defendants, and each of them, as alleged above, were wilful and intentional, and done with the intent to vex, injure, annoy or harass PLAINTIFF, or were done in conscious disregard of PLAINTIFF's rights, thereby constituting malice or oppression justifying an award of punitive and exemplary damages in a sum sufficient to punish and deter.

26. PLAINTIFF is entitled to reasonable attorney's fees and costs against Defendants incurred for the prosecution of this action for violation of civil rights under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, ROBERT S. KAHN demands judgment as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive, and each of them, inclusive as stated hereunder;

## SECOND CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL PRIVACY RIGHTS)
(*Cal Const Art I* §1)

By Plaintiff, ROBERT S. KAHN, as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive

27. Plaintiff hereby incorporates by reference Paragraphs 1 to 18, and 20 to 26 inclusive of this Complaint as if fully set forth herein.

28. In California, the constitutional right of privacy is specifically set forth, it is self-executing, and it extends to both governmental and private conduct. *California Constitution Article I* §1 provides that all people are by nature free and independent and have inalienable rights to the enjoyment and defense of life and liberty; the acquisition, possession, and protection of property and the pursuit and obtainment of safety, happiness, and privacy. *Cal Const Art* I §1.

29. That in doing the acts and omissions as stated herein above, OPD have violated PLAINTIFF's civil privacy rights as prescribed in Article I, section 1, of the *California Constitution*, and in particular, the responding officers, in his/her/their capacity as a law enforcement officer,

refused to accept custody of GILBERT even though a citizen's arrest had been made under authority of the *California Penal Code*, or as the case may be, which requires certain action on the part of law enforcement pursuant to the applicable sections of the *Penal Code* and as published opinion of the California Attorney General.

30. That in doing the acts and omissions as stated herein above, OPD wilfully and intentionally violated the State civil rights enjoyed by PLAINTIFF in that PLAINTIFF has not been provided a copy of this initial crime report to date and OPD refuses and has failed to provide any such report to PLAINTIFF despite multiple demands.

31. That PLAINTIFF is informed and believes, and based upon such information and belief alleges, that OFFICERS of the OPD, and each of them, conspired with, and acted in concert with, one another in engaging in the acts, conduct and/or omissions alleged in this cause of action, and further in covering up the violation of civil rights alleged herein.

32. As a direct and proximate result of the acts and conduct of the OPD, et al. PLAINTIFF's civil rights and privileges were invaded and violated, and for which PLAINTIFF has suffered emotional distress including, but not limited to, shock, mortification, worry, fright, anxiety, depression, nervousness, apprehension, tension, and sleeplessness, all to his damage in an amount as yet unascertained. PLAINTIFF will seek leave any Complaint to allege the sum of said damaged in an amount presently unknown, but to be proved at trial and in excess of at least $250,000.00, and the minimal jurisdictional limits of this court.

33. PLAINTIFF is informed and believes, and based upon such information and belief alleges, that the acts and conduct of Defendants, and each of them, as alleged above, were wilful and intentional, and done with the intent to vex, injure, annoy or harass PLAINTIFF, or were done in conscious disregard of PLAINTIFF's rights, thereby constituting malice or oppression justifying an award of punitive and exemplary damages in a sum sufficient to punish and deter.

34. PLAINTIFF is entitled to reasonable attorney's fees and costs against Defendants incurred for the prosecution of this action for violation of civil rights under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff, ROBERT S. KAHN demands judgment as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive, and each of them,

Case 8:16-cv-00794 Document 1-1 Filed 04/27/16 Page 9 of 13 Page ID #:11

inclusive as stated hereunder;

THIRD CAUSE OF ACTION
(NEGLIGENCE - FAILURE TO PROTECT)

By Plaintiff, ROBERT S. KAHN, as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive

35. Plaintiff hereby incorporates by reference Paragraphs 1 to 18, 20 to 26, and 28 to 34 inclusive of this Complaint as if fully set forth herein.

36. That at the time OPD Officers engaged in acts and omissions as stated herein above, he/she/they each knew or in the exercise of reasonable care should have known, that he/she/they/it would violate certain constitutional rights of PLAINTIFF and risk injury to PLAINTIFF as a result of the acts and omissions stated herein above in assisting GILBERT to illegally remove PLAINTIFF's personal property from his residence and in their failure to arrest GILBERT, and the continuing failure to timely provide the requested records by PLAINTIFF regarding the incidents commencing July 13, 2015.

37. That OPD, and each of them, owed a duty to PLAINTIFF to conduct themselves in a reasonable manner and in accord with the rules, regulations, laws and codes of the City and County of Orange, the State of California, and the United States of America in responding to the incident at PLAINTIFF's property on July 13, 2015.

38. That PLAINTIFF effected a Citizen's Arrest of GILBERT, yet OPD Officers failed and refused to take GILBERT into custody or to issue her any summons of other process. In essence aiding and abetting GILBERT in committing the crime of larceny and theft against PLAINTIFF.

39. That irrespective of the notice provided to OPD Officers by PLAINTIFF regarding the Citizen's Arrest of GILBERT, OPD Officers, in his/her/their capacity as a Law Enforcement Officer(s), refused to accept custody of GILBERT even though a citizen's arrest had been made under authority of the *California Penal Code*, and/or the crime complained of had been committed, and/or was being committed in their presence, which requires certain action on the part of these Law Enforcement Officer(s) pursuant to the applicable sections of the *Penal Code* and as published opinion of the California Attorney General.

///

40. That PLAINTIFF contends that the OPD and its Law Enforcement Officer(s), breached the duty owed to PLAINTIFF by failing and refusing to act under the authority of the applicable *Penal Code* and in failing to conduct themselves in manner consistent with the civil rights of PLAINTIFF and as a direct and proximate cause of the acts and omissions of OPD and its Law Enforcement Officer(s), PLAINTIFF has suffered substantial financial loss and further suffered extreme mental anguish, humiliation, and embarrassment.

41. That PLAINTIFF suffer damages in an amount to be determined and proved at trial but in excess of at least $250,000.00, and the minimal jurisdictional limits of this court and according to proof at trial.

WHEREFORE, Plaintiff, ROBERT S. KAHN demands judgment as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive, and each of them, inclusive as stated hereunder;

## FOURTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

By Plaintiff, ROBERT S. KAHN, as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive

42. Plaintiff hereby incorporates by reference Paragraphs 1 to 18, 20 to 26, 28 to 34 and 36 to 41 inclusive of this Complaint as if fully set forth herein.

43. The actions of COO/OPD, by and through its officers, principals, agents and employees, as detailed herein above were outrageous, intentional, and malicious, and done with reckless disregard of the fact that the acts and omissions would certainly cause PLAINTIFF to suffer severe emotional and physical distress.

44. That as a municipality, Police Department, Officers of the Law/Peace Officers, and representatives of the government in the city where PLAINTIFF resides, COO/OPD, by and through its principals, agents and employees, were in a position of actual or apparent power over PLAINTIFF.

45. That PLAINTIFF was peculiarly susceptible to emotional distress because of his advanced age of 79 years, his ongoing medical conditions, his loss of substantial personal property as detailed herein above.

46. That commencing on July 13, 2015, COO/OPD, by and through its officers, principals, agents and employees, by and through its principals, agents and employees, were made aware of PLAINTIFF's serious concerns, circumstances, complaints, issues, medical and mental condition and his elderly age of 79 years at the time. PLAINTIFF further made COO/OPD acutely aware of the acts and omissions of GILBERT as stated herein above, although no action was or has been taking in that regard by COO/OPD.

47. That PLAINTIFF alleges and will prove at trial that the conduct of COO/OPD, by and through its officers, principals, agents and employees was outrageous, intentioned to cause or done in reckless disregard of the probability of causing emotional distress to PLAINTIFF, and actually and proximately caused severe emotional distress to PLAINTIFF. The conduct complained of here was outrageous in that it abused and/or disregarded the legal/Constitutional personal and property rights of PLAINTIFF and put PLAINTIFF in a position which gave COO/OPD, by and through its officers, principals, agents and employees, and GILBERT power to affect PLAINTIFF's substantial interest.

48. That COO/OPD, by and through its officers, principals, agents and employees, knew that PLAINTIFF was susceptible to injuries through mental distress and as such, acted intentionally or unreasonably with the recognition that the acts are likely to result in further lost of property, harm, illness or injury through mental distress to PLAINTIFF.

49. That as a proximate result of the acts of the COO/OPD, PLAINTIFF suffered severe emotional distress in the form of fear, nervousness, anxiety, worry, and indignity, suffering a heart attack and having been put on anxiety mediation for depression as a result. Further, PLAINTIFF has now suffered the losses as stated above which affects his ability to enjoy the fruits of his labor and to pay all reasonable and necessary living expenses in his final years.

50. That the acts of COO/OPD, by and through its officers, principals, agents and employees, were despicable, wilful, oppressive and malicious within the meaning of *Civil Code* §3294, with the intent to inflict emotional distress and harm upon PLAINTIFF. Accordingly, in addition to all actual damages, PLAINTIFF is entitled to recover from COO/OPD punitive and exemplary damages, in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff, ROBERT S. KAHN demands judgment as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive, and each of them, inclusive as stated hereunder;

FIFTH CAUSE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

By Plaintiff, ROBERT S. KAHN, as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive

51. Plaintiff hereby incorporates by reference Paragraphs 1 to 18, 20 to 26, 28 to 34, 36 to 41 and 43 to 50 inclusive of this Complaint as if fully set forth herein.

52. That COO/OPD, and each of them, by virtue of their conduct alleged herein above, have negligently and carelessly breached their duty to PLAINTIFF(S). COO/OPD knew or should have known that their conduct would cause PLAINTIFF(S) severe emotional distress and mental suffering.

53. That as a direct and proximate result of the negligence and carelessness of COO/OPD PLAINTIFF reasonably relied on the representations of COO/OPD and refrained from taking action to remedy the situation with GILBERT earlier. PLAINTIFF has suffered general inconvenience and other damages as alleged in this Complaint.

54. That as a result of the negligence of the COO/OPD, PLAINTIFF sustained great emotional disturbance and shock and mental anxiety which is ongoing and will cause in the future, great physical and mental pain and suffering resulting in damages in a sum in excess of the jurisdictional limits of this Court to be determined at the time of trial.

55. That as a further, direct and proximate result of the negligent conduct of the COO/OPD, and each of them, PLAINTIFF has incurred financial losses, both past and future, the exact amount of which is unknown at this time but which are in excess of the jurisdictional limits of this Court and will be determined at the time of trial.

WHEREFORE, Plaintiff, ROBERT S. KAHN demands judgment as against Defendant(s), City of Orange; Orange Police Department; and DOES 1 to 20, inclusive, and each of them,

///

inclusive as follows;

1. General damages according to proof;

2. Special damages of at least $250,000 and according to proof;

3. Punitive damages on the Fourth Cause of Action;

4. For attorney fees and costs where applicable; and

5. Any such other and further relief as the court may deem just and proper.

Dated: March 10, 2016

By: ______________________
ROBERT S. KAHN

PLAINTIFF, In pro per

///